UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
RAYMOND A. COLLINS,

                 Petitioner,

                                                           04-CV-1472

                v.                                         (95-CR-232)

UNITED STATES OF AMERICA.

                 Respondent.
_____
THOMAS J. McAVOY,
Senior United States District Judge
DECISION & ORDER


I.      **INTRODUCTION**

      Raymond A. Collins (hereinafter "Petitioner") filed the instant Petition for Relief under the All Writs Act pursuant to 28 U.S.C. §1651, challenging his criminal conviction and life sentence.  For the reasons that follow, the motion for writ of audita querela relief is DENIED and his petition is DISMISSED.


II.      **BACKGROUND**

      Petitioner was indicted (95- CR-232) for arson in violation of 18 U.S.C. § 844(i), and conspiracy to commit arson in violation of 18 U.S.C. § 371.  On June 4, 1996, the jury returned verdicts finding Petitioner guilty on both charges.  He was thereafter sentenced to life imprisonment.  See United States v. Joyner, 201 F.3d 61, 66-68 (2d Cir. 2000).

      Petitioner appealed his conviction to the United States Court of Appeals for the

Second Circuit.  See id. at 78-81.  The Second Circuit set aside the restitution order

and remanded the case for further consideration on this issue.  The circuit court

affirmed the conviction and sentence in all other respects. Id.  Petitioner's subsequent

argument that his sentence was in violation of the rule enunciated in Apprendi v. New

Jersey, 530 U.S. 466 (2000), was considered and rejected in a separate opinion by the

Second Circuit. See United States v. Joyner, 313 F.3d 40, 45-46 (2d Cir. 2002).

Petitioner's writ of certiorari to the United States Supreme Court was denied on

February 23, 2004.

In December 2004, Petitioner filed a habeas petition pursuant to 28 U.S.C. §

2255 challenging his conviction and sentence.  In July 2005, this Court held that the

arguments in Petitioner's § 2255 motion: (1) were raised and rejected on direct review,

(2) were available but not raised on direct review, (3) failed to establish the ineffective

assistance of counsel under the standard set forth in Strickland v. Washington, 466

U.S. 668, 687-88 (1984), and (4) United States v. Booker did not apply retroactively to

cases on collateral review.

Finding that Petitioner's claims were either procedurally barred or insufficient,

this Court denied Petitioner's § 2255 motion.  In July 2005, Petitioner filed a motion for

reconsideration of this Court's denial of his § 2255 motion, which this Court denied.

Petitioner appealed to the Second Circuit.  On September 13, 2006, the Second Circuit

dismissed Petitioner's appeal.

In December 2006, this Court denied Petitioner's request for a Certificate of

Appealability ("COA") pursuant to 28 U.S.C.§ 2253.  In March 2006, the Second Circuit

affirmed this Court's denial of Petitioner's COA application.  In May 2007, Petitioner

filed a petition for rehearing with a suggestion for rehearing en banc.  This was denied by the Second Circuit on July 3, 2007.  Petitioner subsequently sought review in the Supreme Court and was denied on February 25, 2008.

Petitioner now seeks relief under the All Writs Act, pursuant to 28 U.S.C. § 1651.


III.    WRIT OF AUDITA QUEREIA

Petitioner seeks a writ of audita quereia to challenge the legality of his conviction and sentence.  In Triestman v. United States, 124 F.3d 361,380 n.24 (2d. Cir 1997), the Second Circuit indicated that the writ of audita querela "might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2254."  More recently, in United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam), the Second Circuit concluded that "if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of auditia querela would lie."  See also United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (citing United States v. Holder, 936 F.2d 1, 5 (1st Cir.1991)); United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir.2001) (per curiam) (noting that the writ of auditia querela "survive[s] only to the extent that [it] fill[s] 'gaps' in the current systems of postconviction relief").

Here, Defendant asserts that a "serious gap" in the system of post-conviction relief available to him was created by: (1) this Court's alleged "misunderstanding" of the Supreme Court's ruling in United States v. Jones, 529 U.S. 848 (2000) and the effect that ruling should have had on the jury instructions in Petitioner's trial, and (2) this Court's failure to "squarely address" issues raised by Petitioner in his § 2255 motion.

Petitioner's dissatisfaction with the outcome of his § 2255 motion does not raise

serious questions as to the constitutional validity of both 28 U.S.C. § 2255 and § 2254. Petitioner had avenues of collateral attack available to him - not limited to a § 2255 motion- and he has pursued many of them.  A factual finding that Petitioner was procedurally barred from litigating his various claims does not translate to the absence of an avenue of collateral attack or a "gap" in the current system of postconviction relief, as is required for the writ of audita quereia. See Valdez-Pacheco, 237 F.3d 1079.  To date, Petitioner has collaterally attacked his conviction and sentence via an Apprendi appeal, a § 2255 motion, and an application for a Certificate of Appealability.  His lack of success in these avenues will not render the avenues themselves constitutionally deficient.  A writ of audita querela is, thus, unavailable to Petitioner and his motion is DENIED.

## IV.      Conclusion

For the foregoing reasons, Petitioner's motion for a writ of audita querela is DENIED.


DATED: March 23, 2009

Thomas J. McAvoy
Senior, U.S. District Judge